### GILLETT v. MILLER.

1. HOMESTEAD AND DOWER RIGHTS OF WIFE IN INSOLVENT HUSBAND'S INHERITANCE.

A wife, living with her husband, neither husband nor wife owning a homestead, is entitled to select and receive $500.00 in lieu of a homestead out of a fund arising from a sale in partition of an undivided interest in real estate inherited by the husband while insolvent.

2. INCHOATE DOWER.

The wife is entitled to be paid, out of funds arising from a sale in partition of an undivided interest in real estate inherited by her husband, the present worth of her inchoate right of dower in the husband's undivided interest in said real estate.

3. ACTION FOR MONEY ONLY.

It is error to render judgment, on default, on a petition for money only, where the amount claimed to be due is not endorsed on the summons served, for which the judgment may be reversed by proceeding in error; such judgment

is not void, but voidable only at the instance of the party in interest who is prejudiced by it.

4. EFFECT OF VOIDABLE JUDGMENT.

Judgment on a petition for money only and rendered on default, in the absence of a proper proceeding to reverse it, is subsisting and valid, and supplies a basis for a writ of execution, which, when levied on an undivided interest in real estate, accomplishes a lien on such undivided interest from the date of the levy.

5. WHAT SUFFICIENT DESCRIPTION OF INTEREST IN LAND LEVIED UPON.

A levy of a writ of execution is not void for uncertainty in the description of the land or of the judgment debtor's interest in it; where the entire tract is correctly described and the undivided interest is stated to be: "All the interest of C. M.," in such land.

6. EFFECT OF FAILURE TO APPRAISE AND SELL AFTER LEVY.

A failure to appraise the undivided interest of land levied on, or to make an effort to sell it, is not an abandonment of the levy; such proceedings are not necessary in order to create a lien and the judgment creditor may reasonably await other processes in motion to realize his claim.

ON APPEAL from the Court of Common Pleas of Wyandot county.

DAY, J.

The case, originally, was in partition by the parties plaintiff and defendant, as heirs at law of one Charles Miller, deceased. Defendant Clay Miller is one of the heirs, and was entitled to one share of the real estate of the deceased. Partition was had, the lands sold, and the proceeds distributed to the various heirs and parties entitled except the share or interest going to the defendant Clay Miller. The portion of the fund representing his interest was held in the court, awaiting its further order concerning its disposition, upon the determination of the rights of the various claimants to participate therein, in virtue of the liens asserted against it. These claimants, on their own motion, have been made parties defendant in the case, and have all answered setting up their respective liens; and to ascertain and declare the validity and priority of these contesting liens, is the matter now before the court.

Ida M. Miller, wife of Clay Miller, by an answer filed, shows the family relation; that she, nor her husband, has a homestead; that she has selected $500 of the fund as hers of right in lieu of a homestead. She also claims she is entitled to have estimated and set over to her the present worth of her inchoate right of dower in the real estate of which her husband was seized, and the sale of. which, in partition makes up the fund in question. Her right to have the relief she asks is disputed.

1. Section 5441, Revised Statutes, provides: "Husband and wife living together * * * and not the owner of a homestead, may, in lieu thereof, exempt from levy and sale, real or personal property to be selected by such person, agent or attorney, not exceeding in value five hundred dollars."

The evidence is clear, and all of it to the effect that Ida M. and Clay Miller are wife and husband, living together as such, in this county, and neither of them own a homestead, and they have selected for themselves five hundred dollars of the fund, in lieu of homestead. The conditions defined and described in the statute are all present, entitling them to this benefit, and there does not seem to be any valid reason why they should not have it. The law allows it, and the court does give it.

2. The right to have the present value of the wife's inchoate right of dower ascertained and paid over to her, out of the fund, seems equally

clear and in accordance with the law and the decisions of the courts. When Clay Miller became seized of an estate in the land partitioned, at that same moment of time right of dower, inchoate, vested in his wife, Ida M. Miller, and her right to have it, in some form or other, has never been divested. It is a valuable right, favored by the law, and cannot be taken from her except by her own act. It is subject, however, to any infirmity which the law attaches to the seizin; and the wife's rights may, accordingly, be divested in the immediate realty, and vested in the changed form to which, by the processes of the law, it may be reduced. On this subject, Judge Brinkerhoff, in the case of *Gregg* v. *Weaver*, 6 Ohio St. 547, at page 552 uses the following language: "The right of dower in the wife subsists in virtue of the seizin of the husband; and this right is always subject to any incumbrance, infirmity or incident which the law attaches to that seizin, either at the time of the marriage or at the time the husband became seized. A liability to be divested by a sale in partition is an incident which the law affixes to the seizure of all joint estates, and the inchoate right of the wife is subject to this incident, and where the law steps in and divests the husband of his seizure, and turns the realty into personalty, she is, by the act and policy of the law, remitted, in lieu of her inchoate right of dower in the realty, to her inchoate right to a distributive share of the personalty into which it has been transmitted." In the same opinion Judge Brinkerhoff is careful to say, in holding the right of dower is divested in the realty and vested in the personalty: "In so holding, we do not subject this right at all to the will or caprice of the husband;" and it might, with equal propriety, and logic, be said: Nor subject it at all to the claims or demands of the creditors of the husband. By the sale in partition, the wife's right of dower was transferred from the realty to the fund in question, and by the transfer the wife lost no rights, and the creditors of the husband acquired none; and in that respect they occupy the same relative position as if no sale had been made.

In a subsequent decision of the supreme court, 32 Ohio St. 210, where property, in which the wife had an inchoate right of dower, was sold and her contingent interest, which was held to be valuable, was liable to be lost and unavailable, the court held it was the proper and lawful thing to ascertain the value of the contingent right of the wife and pay it over to her presently; and holding that its present value could reasonably be ascertained by reference to recognized tables in connection with the age and condition of health of the wife and the husband. Tables have been formulated and recognized as correct by which the value of the contingent or inchoate right of dower can be found as readily and as accurately as can the value of dower consummate. Here, again, we are unable to perceive any good or valid reason why the present value of the wife's inchoate right to a distributive share of the fund should not be ascertained and paid over to her. The law allows it, and the court does give it, and its value is to be ascertained in the entire fund.

The remaining questions arise in a contest for precedence between defendant Anderson, and all the other answering defendants, claiming liens on the fund, as creditors of Clay Miller.

Defendant Anderson obtained a judgment against Clay Miller in 1892, for more than $4,000, which judgment is in full force and unsatisfied. This judgment, he claims, became a lien on the interest of Clay Miller in the real estate, from the partition and sale of which the fund

arose over which the present contest is being waged, by virtue of an execution duly issued and levied thereon.

The interest of Clay Miller came to him by inheritance from a deceased relative, at a date subsequent to the rendition of the judgment. The levy was made on the 27th day of June, 1894. The entire tract of land was described correctly in the levy, but the interest of Miller was described generally as "all the interest of Clay Miller in said real estate," and not more specifically or definitely. The precise extent of the interest was not stated. On July 30, the execution was returned by direction of Anderson, and no appraisement or offer to sell was made. Other processes, however, were in motion for the purpose of effecting a partition and sale of the land, instituted by other interested parties. All the other answering defendants claim liens as of a later date than June 27, by virtue of judgments obtained after that date. Confessedly they are of junior lien to Anderson's, if Anderson's secured a lien at all. So a proper decision of the questions involved depends and turns upon the fact of Anderson obtaining a valid lien, of date June 27, by virtue of the levy of the execution issued on his judgment of 1892.

It is claimed:

1. That Anderson's judgment is void, because taken on default, on a petition for money only, when the amount claimed was not indorsed on the summons served. As sustaining this claim, the 25 and 40 Ohio St. are relied on. The authorities cited do not enforce this view. There the supreme court holds simply, that it is error to render judgment on a petition for money only, where the amount claimed to be due is not indorsed on the summons served in the case. In both of the cases the judgment was reversed on that ground, and no other; and in neither case did the court hold the judgment void. We understand the rule to be precisely the contrary. That where the record shows, affirmatively, jurisdiction in the court over the person and the subject-matter of the action, as clearly appears in this case, the judgment entered is not void, but voidable only, at the instance of the prejudiced interested party. No steps having been taken by the judgment debtor to avoid the judgment, it is, to all intents and purposes, valid and subsisting, and supplies a proper predicate for a writ of execution.

2. It is urged that the legal effect of Anderson ordering the return of the execution without first having an appraisal and making an effort to sell the property levied on, was an abandonment of the levy; and also, that the levy itself was void because of uncertainty in the description of the property and of the interest of Miller therein, and therefore, on both grounds, that no lien was secured. The first named contention is believed to be untenable and the second not sustained by the facts in the case. It was not necessary to appraise and attempt a sale in order to perfect the lien. That was accomplished by a seizure of the property in virtue of the provisions of the writ, and no appraisal or offer to sell was needed unless it was found necessary to proceed to a conclusion in order to realize on the claim. If other processes were found in motion which would as speedily and more economically accomplish the purpose, it was not only the right of the judgment debtor, but his solemn duty to call in his writ, cease to make unnecessary expense, and wait reasonably until the other forces at work accomplished the desired result, at the minimum of cost; and by so doing he would not waive or forfeit any benefits secured by the levy.

We are unable to conclude, from a consideration of the facts appear-

ing in the case that the levy was void because of uncertainty in the description of the land or of the debtor's interest therein. Indeed no complaint is insisted on as to the description of the land. That was definite and certain and accurate. This is practically conceded, and is true. Criticism, only, is made as to the description of Miller's interest in the land, and that is said to be so uncertain as to be void. The description is: "All of Clay Miller's interest in the real estate," which is properly and acurately described, in connection with and immediately following the statement of Miller's interest. That description or statement of interest cannot be said to be vague or uncertain in any sense. It is only very general, broad and certain. It certainly states all of the debtor's interest, and is sufficiently definite for all purposes of effecting a lien on that interest. More information as to the debtor's interest—the precise extent and value of it—would be necessary before a proper appraisal could be had or a sale made; but for the purpose of accomplishing a lien thereon the statement was sufficient. No person could be misled or injured by it, and no one of the answering defendants can be heard to complain.

We reach the conclusion that the defendant Anderson had a valid, subsisting judgment, which, in virtue of the levy made on Miller's subsequently inherited real estate, on June 27, 1894, became a lien thereon as of that date, and entitled to be first paid out of the fund now in court, after the payment of the present worth of Mrs. Miller's inchoate right of dower, and $500, selected by her in lieu of homestead. An entry will be made in accordance with these views, and the junior lien holders are required to pay all the costs made since they were made parties.

*Elza Carter* for Ida M. Miller.

*J. D. Sears*, for Anderson.

*Meek, Carey & Parker et al.*, for Junior Lienholders.